## Pittsburgh Outdoor Advertising Corporation v. Foster Grading Company

*M. L. McBride,* for plaintiff.

*George H. Rowley,* for defendant.

STRANAHAN, P.J., November 2, 1971.—This is a suit in trespass in which it is alleged that the Foster Grading Company was hired as a general contractor by the Pennsylvania Department of Highways to work on the widening of Pennsylvania Route 418.

It further appears that plaintiff had a sign which extended onto the right-of-way for about four feet, and it is further alleged that it was possible for the defendant company to have removed a four-foot section of the sign, but, instead of doing this, defendant deliberately and willfully removed the entire sign, thereby cutting down and demolishing the entire poster panel.

Plaintiff's complaint is an aggressive one in that it demands punitive damages from defendant and also demands the cost of building a new double-faced sign structure on the same site. This cost is alleged to be $3,034, which plaintiff reduces by making an allowance of that amount of money which it would have cost to reinstall the two panels had they been properly removed. This, plaintiff computes to entitle it to damages in the sum of $2,449.60.

Defendant has filed a preliminary objection alleging that plaintiff's complaint does not plead sufficient facts to entitle plaintiff to recover punitive damages.

Both parties agree that the Restatement of Torts, section 908(1), is acceptable Pennsylvania law, and that it provides as follows:

" 'Punitive damages' are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct."

The commentary to this section provides as follows:

"Punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others."

It would appear from plaintiff's complaint that it is alleged the Foster Grading Company willfully and wantonly disregarded plaintiff's property rights and that the destruction of the sign was done deliberately by defendant in direct violation of plaintiff's instructions, solely to save time in the construction of the highway.

The complaint also alleges that defendant's actions were contrary to plaintiff's instructions, and also contrary to the instructions of the Pennsylvania Department of Highways, and that defendant, in complete disregard of property rights of plaintiff,

cut down and demolished both of said double-faced poster panels.

We believe that this is a sufficient allegation of an act done with a bad motive, or with a reckless indifference to the interests of others, and if the allegations contained in the complaint are proved, it may well be that plaintiff is entitled to punitive damages.

Defendant further contends that punitive damages cannot be recovered by plaintiff if the acts complained of were done by the employes of defendant corporation without the authorization or ratification by the employer, unless the employes were unfit, and defendant company was reckless in their employment of these workmen.

We note that the complaint filed by plaintiff does not allege that the acts were done by employes of the Foster Grading Company in the scope of their employment at the request of the corporation, but rather the pleading indicates that the acts were done by defendant itself, which certainly could lead one to the conclusion that the officer or manager of the corporation was the one responsible for the destruction of the billboards rather than an employe who may have been working in an isolated group of employes, and that the act was done without the knowledge of defendant corporation.

We believe that the pleading is sufficient as it now stands, and if it appears at the time of trial that the act was done by an employe, suitable amendments can be proposed at that time.

The final preliminary objection that defendant raises is that the damages as alleged by plaintiff are not the proper measure of damages.

We agree with this.

The purpose of a pleading is to put defendant on notice of a proper claim by plaintiff, and not a method

of puffing plaintiff's claim to make it appear more exaggerated than it actually is. This is particularly true at a time when the court is endeavoring to assign to arbitration those cases that should properly appear in abritration, thereby clearing the courts to handle more sizeable claims.

Plaintiff obviously is not entitled to recover as damages the cost of building a new sign to replace the old one, any more than an owner of a 1950 Chevrolet is entitled in the event it is damaged to recover the cost of a 1971 Chevrolet.

The measure of damages could not, under any circumstances, exceed the value of the poster panel as it would exist if the portion of it that plaintiff admits could be removed had been removed properly by defendant company. That value would be the measure of damages that plaintiff would be entitled to recover, since defendant actually destroyed what would have been left had he properly followed orders. It may be that plaintiff would be entitled to a loss of salvage value of the portion destroyed, but under no circumstances can this court find that plaintiff's measure of damages is the cost of a new billboard, reduced by what it would have cost it to have added the panel that was taken off.

We suggest to plaintiff that it plead its case with more accuracy than it has done in the complaint filed in this matter so that this court can properly evaluate the case and determine whether it should be assigned to arbitration, rather than placed on the regular trial list.

It appears to this court from its reading of the pleadings that even an allowance for punitive damages should not raise this case to the figure being claimed under the present pleadings by plaintiff.

We, therefore, direct that plaintiff amend its complaint to plead a proper measure of damages.

## ORDER

And now, November 2, 1971, it is directed that plaintiff shall, within 30 days, file an amended complaint pleading the proper element of damages. The other preliminary objections raised by defendant are refused.